Estate of Dora Delano Forbes, Deceased, Frederic A. Delano, Executor v. Commissioner.
Estate of Forbes v. Commissioner
Docket No. 242.
United States Tax Court
1944 Tax Ct. Memo LEXIS 313; 3 T.C.M. (CCH) 283; T.C.M. (RIA) 44097; March 28, 1944
*313 John S. Flannery, Esq., and Caesar L. Aiello, Esq., 901 Hibbs Bldg., Washington, D.C., for the petitioner. Walt Mandry Esq., for the respondent. STERNHAGEN Findings of Fact and Memorandum Opinion The Commissioner determined a deficiency of $178,625.80 in estate tax by including in the gross estate the corporate of two irrevocable trusts created by decedent in 1926 and 1927 as transfers intended to take effect in possession or enjoyment at decedent's death. Findings of Fact Dora Delano Forbes, a resident of Newburgh, New York, died on July 21, 1940, aged 93. The estate tax return was filed in the Fourteenth District of New York. In her last will executed December 22, 1920, the decedent bequeathed various amounts aggregating $390,000 to eighteen members of her family, income for life payable after her death in equal quarterly payments to eleven individuals, related to her by marriage or in her then or former employ, and the residue to her brother, Frederic A. Delano, and her sisters Sara Delano Roosevelt and Katharine Delano Collier. In 1920, Frederic A. Delano took over the management of the decedent's estate. At his suggestion, she executed a trust agreement dated November 30, *314 1926, by which she transferred irrevocably to Frederic A. Delano and the Central Union Trust Company of New York certain securities in trust, to pay over the net income to her during her life and upon her death to distribute the principal as follows: (1) Certain sums to sixteen members of her family, or their successors and assigns. (2) Certain securities valued at not less than $200,000 to be set aside and the income thereof to be paid in specified amounts to eight individuals related to her by marriage or who were or had been employees and after the death of the beneficiary to transfer the identified principal to the decedent's residuary estate. (3) The residue to decedent's legal representatives for distribution in accordance with the residuary provisions of her will. The decedent reserved the right to add to the corpus of the trust and to provide for other beneficiaries in addition to those named. On November 19, 1926, by a codicil decedent revoked all the pecuniary legacies and annuities of the will having provided for the surviving beneficiaries in the trust agreement. All the beneficiaries named in the trust agreement had been named in the will and the amount to be paid to *315 them was the same. The two legatees named in the will who were not named in the trust agreement had died in the meantime. All the income beneficiaries named in the will were named in the trust agreement except three, who had died in the meantime. On April 20, 1927, the decedent transferred to the trust additional securities and named two additional life income beneficiaries each to receive $1,200 a year. On June 13, 1927, the decedent executed a supplemental trust agreement in which she irrevocably transferred certain securities to the trustees in trust to pay the net income to her during her life, and then to distribute $100,000 of the principal to each of her sisters, Sara Delano Roosevelt and Katharine Delano Collier, their successors or assigns, the remainder to be distributed in accordance with the residuary provisions of the will. She reserved the right to add to the corpus of the trust and to name additional beneficiaries. On February 14, 1928, she transferred additional securities to the 1926 trust. Additional codicils to the will were executed on March 19, 1928, March 14, 1931, and July 10, 1931. Substantially all of decedent's fortune was transferred to the two trusts. *316 After decedent's death $498,750 was distributed to beneficiaries pursuant to the 1926 trust and the 1927 supplemental trust. $140,000 was retained in the trust to provide annual income for the three surviving beneficiaries. The transfers in trust were reported in the federal estate tax return but $498,750 was excluded as "pecuniary payments per trust", and $36,554.46, as "Valuation [of] annuities and life estates" created under the 1926 trust. Two of the "pecuniary payments" were made to the executors of deceased beneficiaries. The gross value of the estate was reported as $575,282.79, which included $514,429.52, "Transfers during decedent's life", being the remainder of the corpora of the two trusts and income accrued to July 21, 1940, less the above two amounts and other items. The Commissioner determined the value of the corpora of the two trusts as $1,061,025.98, in which was included the $498,750 "pecuniary payments" under the trusts and the $36,554.46 "annuities". The values are not in dispute. Other adjustments are not in controversy. Memorandum Opinion STERNHAGEN, Judge: As to the inclusion in the gross estate of the $498,750 distributed by the trustees pursuant to the *317 two trusts the Commissioner says that his contention * * * is founded upon , as extended by the decision of * * *. It is recognized that the Tax Court in the case of the , affirmed by the Second Circuit on January 12, 1944, has repudiated the decision in the Hughes case. In view of the Bradley decision it is not believed that any useful purpose would be accomplished by rearguing the question at any length in this brief, except to note that the respondent respectfully disagrees as to the correctness of the Bradley decision and submits that the Hughes decision should be followed. Following the Bradley case, it is held that the $498,750 was properly omitted from the gross estate shown in the return and the determination of the Commissioner including it was incorrect and is reversed. As to the $36,554.46, the situation is different. $140,000 was set aside by the trustees as the source of income from which payments were to be made to the three surviving *318 beneficiaries as required by the provision (c) of the 1926 trust for the benefit of eight persons related to the decedent by marriage or who were or had been her employees. There was no transfer of principal before the 1931 joint resolution took effect, and there is no occasion to consider whether the joint resolution is being given retroactive effect as condemned in . The setting aside of $140,000 was the result of the direction in the trust instrument that after decedent had received the income for her life notless than $200,000 be set aside and the income therefrom be paid to the eight individuals during life, after which the amount should become part of the residuary estate. Thus, clearly, the decedent's death was alone the event which fixed the right of any of the three remaining beneficiaries to receive income from the trust. The value $36,554.46 of the right to the income from the fund was properly within the gross estate since the transfer was conditioned upon and was not to take effect until after the decedent's death. ; , *319 which overruled . Decision will be entered under Rule 50.